**In the Matter of ANONYMOUS, an Attorney.**

**PETITIONER # 1, Petitioner # 2, Petitioner # 3, Petitioner # 4, Petitioner # 5, Petitioner # 6 and Petitioner # 7, Petitioners,**

v.

**GRIEVANCE COMMITTEE FOR the SECOND AND ELEVENTH JUDICIAL DISTRICTS, Supreme Court of the State of New York, Appellate Division for the Second Judicial Department, and Robert Abrams, Attorney General for the State of New York, Respondents.**

**No. 86 CV 3106.**

United States District Court, E.D. New York.

June 3, 1987.

Julia Pamela Heit, New York City, for petitioners.

Robert Abrams, Atty. Gen., State of N.Y. (Debra Marcus, Asst. Atty. Gen., of counsel), New York City, for respondents Abrams and Appellate Div.

Robert H. Straus, Frank A. Finnerty (Robert J. Saltzman, Asst. Counsel, of counsel), Brooklyn, N.Y., for respondent Grievance Commmittee.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In a Memorandum and Order dated December 12, 1986, 650 F.Supp. 551, this Court granted petitioners a writ of habeas corpus. Respondents now move pursuant to Fed.R.Civ.P. 60(b)(4) and (5)[1] for an order vacating that decision on the ground that it was moot when rendered.

### Facts

Petitioners are legal secretaries. They were subpoenaed to testify before respondent Grievance Committee, which was conducting a disciplinary proceeding involving an associate of the attorney who employed petitioners. When the secretaries refused to testify, invoking their fifth amendment right not to incriminate themselves, they were held in contempt. Respondents argued, and the New York courts apparently agreed, that petitioners were protected by transactional immunity that had been conferred upon them when they testified before the grand jury that indicted their employer.

That immunity, however, protected petitioners only as to those matters about which they had been questioned in the grand jury, and nobody knew what those matters were. Accordingly, because there was no assurance that the Grievance Committee would not question petitioners about matters for which they had not been immunized, invocation of the right against self-incrimination was proper. The Court therefore granted the writ.

Unbeknownst to the Court, however, the associate who was the subject of respondents' inquiry had been convicted of numerous crimes, including several felonies, on December 11, 1987—one day before this Court issued its Memorandum and Order. Under New York Judiciary Law § 90(4), that attorney was immediately disbarred upon his felony conviction. Because the Grievance Committee has jurisdiction only over licensed attorneys, its proceedings also terminated by operation of law upon the disbarment. Respondents now argue that because the end of the disciplinary proceedings nullified the contempt orders, this Court's decision was moot when issued and ought to be vacated.

Respondents are currently pursuing charges against other attorneys associated with petitioners' employer. Those proceedings have not reached the hearing stage, and it is not yet known whether petitioners' testimony will again be sought.

### Discussion

A case is moot " 'when the issues presented are no longer "live" or the par-

---

1. Fed.R.Civ.P. 60 provides, in relevant part:

   (b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ...

   (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application....

ties lack a legally cognizable interest in the outcome.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 1950, 23 L.Ed.2d 491 (1969)); *see DeFunis v. Odegaard,* 416 U.S. 312, 316, 94 S.Ct. 1704, 1705, 40 L.Ed.2d 164 (court has no power to decide questions that cannot affect rights of litigants in case before it). "Once a contempt sentence has come to an end, no live case or controversy remains as to alleged errors in the contempt adjudication.... This rule applies whether the contempt is purged ... or the sentence has expired." *United States v. Johnson,* 801 F.2d 597, 600 (2d Cir.1986) (citations omitted). Petitioners here have neither purged their contempt nor served their sentences, but they appear to concede that in this case the termination of the Grievance Committee's inquiry had the same effect: at the time this Court's decision was rendered on December 12, there was no outstanding contempt order that could have been enforced against them.

Petitioners argue, however, that the order should not be vacated because this case meets the "capable of repetition, yet evading review" exception to the mootness rule. Application of that doctrine is "limited to the situation where two elements combine[ ]: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the complaining party would be subject to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975) (per curiam).

There is no real dispute that the first requirement is met: the contempt order, although it has never been vacated, "dissolved" on December 11, prior to the issuance of this Court's Memorandum and Order. Thus petitioners "could not litigate the validity of the order compelling [their]

testimony prior to its expiration." *Johnson, supra,* 801 F.2d at 601.

There is disagreement, however, over the likelihood of petitioners facing this problem in the future. "[A] mere physical or theoretical possibility [is not] sufficient to satisfy the test stated in *Weinstein....* Rather, ... there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." *Murphy v. Hunt,* 455 U.S. 478, 482, 102 S.Ct. 1181, 1183–84, 71 L.Ed.2d 353 (1982) (citing *Weinstein, supra,* 423 U.S. at 149, 96 S.Ct. at 348).

Petitioners have met this standard. Respondents admit that disciplinary proceedings against other attorneys employed in petitioners' office are already under way. Petitioners presumably possess about these attorneys the same type of information sought by respondents in the prior proceedings. It is thus logical to expect that those inquiries will proceed in the same manner and that petitioners will soon find themselves in the same position.[2]

The Grievance Committee argues that it now has somewhat more information than it did when it conducted the earlier proceedings and that there is no assurance that petitioners will again be subpoenaed. The requirement is not one of certainty, however, but simply reasonable expectation or probability. Where, as here, the same body is conducting the same kind of inquiry, and petitioners were in the same position to observe the alleged improprieties, their expectation of again being subpoenaed to testify is eminently reasonable.

Moreover, the Grievance Committee has remained conspicuously silent in the face of petitioners' challenge that it state definitively whether it will call petitioners to testify. This case bears little resemblance to those in which the "capable of repetition, yet evading review" exception was found not to apply because the mooted issue would arise again only if a series of highly

---

**2.** There is no possibility that the pending disciplinary proceedings will be mooted by felony convictions. The lawyers involved have already disposed of their criminal cases by pleading to

misdemeanors. A misdemeanor conviction does not result in automatic disbarment. N.Y. Judiciary Law § 90(4).

remote contingencies were to occur. *See, e.g., Murphy, supra,* 455 U.S. 478, 102 S.Ct. 1181 (claim would be revived only if three of defendant's convictions overturned on appeal); *Johnson, supra,* 801 F.2d 597 (controversy would recur only if: 1) Johnson convicted; 2) his conviction overturned; 3) his co-defendant convicted; 4) that conviction overturned on ground that co-conspirator declearations improperly admitted; 5) Johnson and co-defendant re-indicted; and 6) Johnson called to testify).

On the record currently before me, it appears that this controversy has evaded review yet is capable of repetition, and I thus decline at this time to vacate my earlier order as moot. The Grievance Committee is, however, in a position to assure the Court and petitioners that the issue will not recur. Accordingly, if, within ten (10) days of the date of this Order, respondents represent to the Court in writing that they will not subpoena petitioners, the Court will vacate the prior decision. Otherwise the motion will be denied.

SO ORDERED.